**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

LOIS P. MORRIS,

        Plaintiff,

vs.                                                   Case No. 3:06-cv-854-J-32MCR

MICHAEL J. ASTRUE, Commissioner
of the Social Security Administration,

        Defendant.

**ORDER**[1]

This case is before the Court on Plaintiff's appeal of an administrative decision denying his claim for disability and disability insurance benefits under the Social Security Act (Doc. 1). The parties filed briefs and the administrative record and, upon review of these filings, the assigned United States Magistrate Judge issued a Report and Recommendation (Doc. 17) recommending that the Commissioner's decision be affirmed. Plaintiff filed objections to the Report and Recommendation (Doc. 18). The Commissioner did not respond to the objections and the time in which to do so has now passed.

It is indeed an unusual case where a plaintiff has a diagnosis of and record of

---

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

treatment for coronary artery disease but where such an impairment has been found not to be "severe" at Step 2 of the Social Security sequential evaluation. However, as the Magistrate Judge explained in his opinion, the "severity" of a disability is measured for these purposes not by its deviation from the norm, but "in terms of its effect upon ability to work." See Report and Recommendation at 13 (quoting McCruter v. Bowen, 791 F.2d 1544, 1547 (11th Cir. 1986), and 20 C.F.R. § 404.1521(a) (2003)). In this case, the Magistrate Judge found, as did the ALJ, that "there is no evidence whatsoever in the record which demonstrates [plaintiff's heart disease] would significantly limit her ability to do basic work activities." Report and Recommendation at 13. Indeed, none of plaintiff's doctors placed her on any restrictions during her insured period. Id. It is plaintiff's burden to demonstrate the severity of an impairment at Step 2 of the sequential evaluation. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). Plaintiff's objections to the Report and Recommendation fail to demonstrate that she has or can meet this burden. Therefore, for the reasons stated in the Report and Recommendation issued by the Magistrate Judge (Doc. 17), it is hereby

**ORDERED**:

1. Plaintiff's objections to the Report and Recommendation (Doc. 18) are **OVERRULED**, the request for oral argument is **DENIED** and the Report and Recommendation (Doc. 17) of the Magistrate Judge is **ADOPTED** as the opinion of

the Court.

    2.    Pursuant to sentence four of 42 U.S.C. §§ 405(g) and 1383(c)(3), the decision of the Commissioner is hereby **AFFIRMED**.

    3.    The Clerk is hereby directed to enter judgment accordingly and to **close** the file.

    **DONE AND ORDERED** at Jacksonville, Florida this 29th day of March, 2008.

_____
TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:

Honorable Monte C. Richardson
United States Magistrate Judge

counsel of record